UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT K. DECKER,

    Plaintiff,                                      No. 20-12037

v.                                                   Honorable Nancy G. Edmunds

AMERICAN AUTO ASSOCIATION,

    Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6) [10]**

On November 18, 2020, the Court entered an order dismissing this case without prejudice. (ECF No. 8.) The Court also entered a judgment closing the case. (ECF No. 9.) In the order of dismissal, the Court noted that because Plaintiff had not properly set forth facts establishing the citizenship of either party, he had not demonstrated that this Court, a federal court, has jurisdiction over his state law claim. The matter is now before the Court on Plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 10.) Plaintiff asks the Court to relieve him from the previously entered judgment because he is a prisoner who only now has been able to conduct some research.

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for any reason other than those set forth in Rule 60(b)(1)-(5) "that justifies relief." The Sixth Circuit has held that this subsection of the rule only applies in "exceptional or extraordinary circumstances." *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks

and citation omitted).  Plaintiff has not set forth a sufficient reason that would warrant relief under Rule 60(b)(6).  But even if the Court were to consider Plaintiff's new allegations regarding the citizenship of the parties, he would not be entitled to the relief he seeks.  For there to be complete diversity between the parties, the plaintiff cannot be a citizen of the same state as any defendant.  *See Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).  Plaintiff asserts that even though he is incarcerated in Indiana, he is domiciled in Michigan and is therefore a citizen of Michigan.  However, Plaintiff also asserts that Defendant is a citizen of Michigan.  Accordingly, Plaintiff has still not demonstrated that there is diversity between the parties.

Plaintiff, alternatively, asks the Court "to remove this case to the appropriate tribunal, pursuant to 28 U.S.C. § 1441."  However, that statute allows a defendant to remove a case filed in state court to federal district court and is not applicable here.  Because Plaintiff's claim was dismissed without prejudice, he may choose to refile it in the appropriate forum himself.

For the foregoing reasons, Plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is DENIED.

SO ORDERED.

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: December 29, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 29, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager